UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLEY WHITT,

                                    Plaintiff,

                                                    CIVIL CASE NO. 04-40149

v.

OFFICER PATRICK BILBEY, OAKLAND                 HONORABLE PAUL V. GADOLA
COUNTY SHERIFF'S DEPARTMENT, and                U.S. DISTRICT COURT
THE COUNTY OF OAKLAND,

                                    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO DEFENDANT OAKLAND COUNTY

Before the Court is Defendants Officer Bilbey and Oakland County's motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, filed on May 31, 2005. Defendants seek dismissal of Count III of Plaintiff's amended complaint. For the reasons stated below, the Court will grant the motion.

**I.      Background**

Plaintiff alleges that, on or about May 24, 2001, while an inmate at the Oakland County Jail, Officer Bilbey escorted Plaintiff into the jail's laundry facility and penetrated Plaintiff's rectum with a "stick-like" object. Plaintiff also alleges that, on the same date, Plaintiff and Officer Bilbey had a dispute regarding whether Plaintiff was in possession of cigarettes and Plaintiff was fired from his duty as a trustee in the laundry facility. In addition, Plaintiff alleges that Officer Bilbey would provide Plaintiff with food and video games and that on several occasions Officer Bilbey would display pornographic material while he watched Plaintiff masturbate or masturbated with Plaintiff. Plaintiff alleges that it was these interactions with Officer Bilbey that ultimately led to the assault

in the laundry facility.  Officer Bilbey denies these allegations and that the alleged assault occurred.

## II.    Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984); *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), *aff'd*, 929 F.2d 701 (6th Cir. 1991).

## III.   Analysis

Plaintiff's amended complaint contains three counts, each alleging violations of 42 U.S.C. § 1983.  The first two counts are predicated on assault and battery, respectively.  The third count is predicated on "Refusing or Neglecting to Prevent," and is directed against Oakland County.  Defendants move to dismiss Count III on the grounds that § 1983 does not provide for municipal liability and Plaintiff has failed to present a genuine issue of material fact indicating that Oakland County had a policy or custom that showed a deliberate indifference to Plaintiff's constitutional rights.

The Supreme Court has stated that Congress did not intend municipalities to be held liable

2

under § 1983 unless the municipality itself caused the constitutional violation.  *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978).  "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Id.* at 691.  "Instead, it is when execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983."  *Id.* at 694.  A municipality can be held liable under § 1983 for a policy or custom of inadequate training or supervision, yet "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  In addition, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."  *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985).  Furthermore, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."  *City of Canton*, 489 U.S. at 390-91.  "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation."  *Kentucky. v. Graham*, 473 U.S. 159, 166 (1985) (citations omitted).

Thus, Plaintiff must prove that Oakland County's  policy or custom of training or supervising its officers amounted to deliberate indifference to Plaintiff's constitutional rights.  He has failed to do so.  Plaintiff offers no evidence to support his assertion that Oakland County fails to train or supervise its officers correctly.  In fact, Plaintiff offers no evidence of what the training

3

or supervision policy is, how it deprives other inmates of their constitutional rights, or what alternative training policy or custom should replace the existing one.  Likewise, Plaintiff offers no evidence of, nor does he even describe, any other incident where an inmate's rights were violated. Plaintiff relies solely on his own experience with Officer Bilbey, which is insufficient to bring a successful §1983 claim against Oakland County.  *See Oklahoma City*, 471 U.S. at 823-824; *City of Canton*, 109 S. Ct. at 1206.

To meet his burden, Plaintiff asserts only that Oakland County's failure to supervise or discipline Officer Bilbey for breaking various jail regulations, coupled with the lack of surveillance cameras in certain parts of the jail, amounts to a deliberate indifference on behalf of Oakland County. According to Plaintiff, Oakland County knew or should have known that a violation such as this would or could occur.  These assertions fall well short of the burden Plaintiff must meet in order to maintain a successful §1983 claim against Oakland County.  *See Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005); *Leach v. Shelby County Sheriff*, 891 F.2d 1241 (6th Cir. 1989).

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion for partial summary judgment [docket entry 35] is **GRANTED**, Count III of the complaint is **DISMISSED**, and Defendant Oakland County is **DISMISSED** from this action.

**SO ORDERED.**

Dated:   March 10, 2006                              s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

4

Certificate of Service

I hereby certify that on  ___March 10, 2006___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____Rick J. Patterson; Steven M. Potter_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Michael J. Cronkright_____.


s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845

5